Eric M. Schiffer (SBN 179695)
Kelly Andrew Beall (SBN 162456)
Yaron Shahan (SBN 217192)
WOLFE & WYMAN LLP
5 Park Plaza, Suite 1100
Irvine, California 92614-5979
Telephone: (949) 475-9200
Facsimile: (949) 475-9203

Attorneys for Defendants,
GMAC MORTGAGE, LLC (erroneously sued as a California limited liability company), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (erroneously sued as a California corporation), and ETS SERVICES, LLC (erroneously sued as a California limited liability company)

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>IMRE SOS<br><br>　　　　Debtor.<br><br>IMRE SOS, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; a California corporation; ETS SERVICES, LLC; a California limited liability company; GMAC MORTGAGE, LLC; a California limited company; ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE THERETO; OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO; and DOES 1 through 100, inclusive;<br><br>　　　　Defendants. | Bankruptcy No.: 09-BK-37047-ER<br><br>Adversary Case No.: 2:09-AP-02342-ER<br>Adversary Case No.: 2:09-AP-02480-ER<br><br>Chapter 7 Case<br><br>**DEFENDANTS' GMAC MORTGAGE, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND ETS SERVICES, LLC'S NOTICE OF MOTION AND MOTION TO ABSTAIN FROM HEARING ADVERSARY PROCEEDINGS UNDER 28 U.S.C. § 1334(c)(2) (MANDATORY ABSTENTION); OR, IN THE ALTERNATIVE, TO ABSTAIN FROM HEARING ADVERSARY PROCEEDINGS UNDER 28 U.S.C. § 1334(c)(1) OR, IN THE ALTERNATIVE TO REMAND REMOVED ACTION PURSUANT TO 28 U.S.C. § 1452; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF KELLY ANDREW BEALL IN SUPPORT THEREOF**<br><br>Date: November 24, 2009<br>Time: 10:00 a.m.<br>Dept.: 1568, 15th Flr. |

///

---
1
MOTION TO ABSTAIN FROM HEARING ADVERSARY PROCEEDINGS

1  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2  **PLEASE TAKE NOTICE** that on November 24, 2009 at 10:00 a.m. in Courtroom 1568, 15th Flr., located at 255 E. Temple St., Los Angeles, California 90012, or as soon thereafter as the matter may be heard, Defendants GMAC MORTGAGE, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and ETS SERVICES, LLC ("Defendants") will move the Court for an order abstaining from hearing the adversary proceedings (2:09-AP-02342-ER and 2:09-AP-02480-ER) and, additionally, remanding the adversary proceeding (2:09-AP-02480-ER) to state court pursuant to 28 U.S.C. §§ 1334 and 1452.

This motion is based upon the following: the underlying dispute involves a non-core proceeding in that the Debtor seeks to invalidate Defendants' interest in certain real property based on State law claims. This dispute has been in litigation for over one year and there is currently a pending hearing date on the Motion for Summary Judgment on November 9, 2009 with a trial date originally scheduled for December 9, 2009.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the attached Declaration of Kelly Andrew Beall, with exhibits thereto, as well as such other evidence that may be produced at the time of the hearing on the motion.

If you wish to oppose the motion, you must file a written opposition with the above-referenced court no later than 14 days prior to the hearing on the motion and serving a copy of same on moving party's counsel. If you fail to file a written opposition with the court and serve it on moving party's counsel, the court may enter an order granting relief requested in the motion.

DATED:  October 29, 2009                           WOLFE & WYMAN LLP

By:/s/ *Yaron Shahan*
ERIC M. SCHIFFER
KELLY ANDREW BEALL
YARON SHAHAN
Attorneys for Defendants
**GMAC MORTGAGE, LLC (erroneously sued as a California limited liability company), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (erroneously sued as a California corporation), and ETS SERVICES, LLC (erroneously sued as a California limited liability company)**

H:\Matters\GMAC Mortgage Corporation (1353.001)\138 (Sos)\BK AP 02480\Motion to Abstain-Remand.doc

Case 2:09-bk-37047-ER    Doc 17    Filed 10/29/09    Entered 10/29/09 10:04:30    Desc
Main Document    Page 3 of 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By this motion, Defendants seek an order from the Court abstaining from hearing the pending adversary proceedings and, additionally, remanding the removed adversary proceeding back to the San Diego County Superior Court. Specifically, Debtor Imre Sos ("Debtor") filed an action with San Diego County Superior on November 10, 2008 against Defendants. The issues to be determined in the state court matter do not involve core issues in that they are based on State law claims for slander of title, quiet title, cancellation of instruments, declaratory relief and injunctive relief. Defendants served and filed a Motion for Summary Judgment setting a hearing date on the motion for November 6, 2009. However, the Debtor filed several adversary proceedings rather than oppose the motion for summary judgment. Thus, Defendants respectfully request the court to abstain from hearing the adversary proceedings and remand the matter back to state court.

## II. SUMMARY OF FACTS

On November 10, 2008, the Debtor filed a Complaint in the San Diego County Superior Court, case number 37-2008-00060629-CU-OR-NC, containing causes of action for quiet title, slander of title, cancellation of instruments, declaratory relief and injunctive relief. On February 3, 2009, the Debtor filed a Supplemental Complaint, again, containing causes of action for quiet title, slander of title, cancellation of instruments, declaratory relief and injunctive relief. The Debtor sued the Defendants as the holders of a deed of trust recorded against the Debtors property located at 920 Rodeo Queen Drive, Fallbrook, California 92028 ("Subject Property").[1]

The Debtor generally alleges in his complaints that Defendants do not have the right to foreclose on the Subject Property on the grounds that: 1) there is no recorded assignment of the deed

///

///

---

[1] Debtor is confused as to the Defendants' relationships on the loan: GMAC Mortgage, LLC is the servicer on the loan for the holder of the loan: Wells Fargo Bank, as trustee. MERS is the nominee under the deed of trust on behalf of Wells Fargo Bank, as trustee. ETS Services, LLC is the foreclosure trustee on behalf of Wells Fargo Bank, as trustee.

3
MOTION TO ABSTAIN FROM HEARING ADVERSARY PROCEEDINGS

of trust, 2) Defendants do not possess the original promissory note, and 3) Defendants' loan never funded prior to the close of escrow for the purchase of the Subject Property.[2]

The parties have conducted substantial discovery including the depositions of the escrow officer, the former owner of the property (the borrower under the loan which is the subject of the litigation), and the notary public who handled the loan signing. At these depositions, the witnesses testified that: 1) the loan did, in fact, fund prior to the close of escrow, 2) Defendants are in possession of the original promissory note, and 3) Defendants do have the right to foreclose on the Subject Property. The parties have conducted substantial written discovery and the Debtor has had the opportunity to examine the original promissory note.

On August 21, 2009, the Defendants served and filed a Motion for Summary Judgment setting a hearing date on the motion for November 6, 2009. (The hearing date on the Motion for Summary Judgment is now scheduled for November 9, 2009.) The deadline for the Debtor's opposition was October 23, 2009.

The Debtor then filed a Chapter 7 Bankruptcy Petition, case number 09-BK-37047-ER, on October 5, 2009, rather than file an opposition to Defendants' Motion for Summary Judgment. The San Diego County Superior Court then took Defendants' Motion for Summary Judgment "off calendar" upon the filing of a notice of bankruptcy by the Debtor. However, the San Diego County Superior Court then placed Defendants' Motion for Summary Judgment Defendants back "on calendar" after Defendants appeared ex parte on October 15, 2009 and advised the Court that the automatic stay was not applicable, citing In re Merrick (9th Cir.BAP 1994) 175 B.R. 333, 337; In re Mitchell (B.C.C.D.CA 1997) 206 B.R. 204, 212; In re White (9th Cir.BAP 1995) 186 B.R. 700, 703-707, and In re Miller (9th Cir.BAP 201) 262 B.R. 499, 507, fn.11.

The Debtor then filed an Adversary Proceeding, case number 09-ap-02342-ER, on October 16, 2009 seeking injunctive relief staying the State Court matter.[3] Debtor subsequently filed a

---

[2] Debtor is not the borrower on the loan, but rather is the current owner of the property having acquired it from the borrower under a grant deed.

[3] This Court denied Debtor's ex parte application for a temporary restraining order and Order to Show Cause re: Preliminary Injunction.

4

MOTION TO ABSTAIN FROM HEARING ADVERSARY PROCEEDINGS



second Adversary Proceeding, case number 09-ap-02480-ER, on October 22, 2009 through a Notice of Removal of State Court Action.

### III. THE COURT SHOULD ABSTAIN FROM HEARING THE ADVERSARY PROCEEDING

Defendants request the court to abstain from hearing the adversary proceeding in that the matter may be timely and properly adjudicated in the underlying state court action.

#### A. The Court Has Discretion To Abstain From This Matter.

Bankruptcy courts may abstain from hearing particular proceedings "in the interest of justice or in the interest of comity with state courts or respect for state law." (28 U.S.C. § 1334(c)(1)) Discretionary abstention under 28 U.S.C. 1334 applies to both core and non-core proceedings. (28 U.S.C. § 1334(c)(1))  In determining whether discretionary abstention is appropriate, the Court may consider factors such as: the effect (or lack thereof) on efficient administration of the bankruptcy estate, the extent to which state law issues predominate, the difficulty or unsettled nature of applicable law, the presence of a related state court proceeding, the degree of relatedness or remoteness of the litigation to the main bankruptcy case, the feasibility of severing the state law claims from core bankruptcy matters, the burden of the bankruptcy court's docket, and the likelihood that the adversary proceeding involves forum shopping. (In re: Tucson Estates, Inc. (9th Cir. 1990) 912 F.2d 962, 1167; In re: East Court Associates (9th Cir. 1991) 935 F. 2d. 1071, 1075-1076; In re: Lazar (BC CD CA 1996) 200 B.R. 358, 372)  Federal courts may stay proceedings if a concurrent state matter is pending dealing with substantially comparable issue. (Colorado River Water Conservation District v. United States (1976) 424 U.S. 800, 817, 96 S.Ct. 1236; In re Bellucci (BC ED CA 1990) 119 B.R. 763, 773-775).  Federal courts may decline jurisdiction in declaratory relief actions where parallel state court proceedings involving the same nonfederal issues are pending between the same parties. (Wilton v. Seven Falls Co. (1995) 515 U.S. 277, 283-284, 115 S. Ct. 2137)

In the present matter, this Court may consider that the Debtor chose to file this matter in the San Diego County Superior Court in November of 2008 and only removed the matter to the bankruptcy court on the eve of the due date for his opposition to Defendants' Motion for Summary

1  Judgment. (The Debtor is clearly trying to delay a hearing on the Defendants' Motion for Summary
2  Judgment, as evidenced by his ex parte application for a temporary restraining order.) It appears that
3  the Debtor is "forum shopping" with the hopes of stalling the eventual disposition of this lawsuit.
4      The Court may also consider that one of the legal issues in this case involves the non-
5  meritorious argument that Defendants do not "possess the original note." However, this argument
6  has been soundly rejected by the District Courts. In Tina v. Countrywide Home Loans, Inc. 2008
7  WL 4790906 (S.D.Cal. Oct 30, 2008) the United States District Court discarded the contention that
8  possession of the original note is a prerequisite to foreclosing. (2008 WL4790906 at7, 8) Similarly,
9  in Hernandez v. Reconstruct Company, Judge Moskowitz in the Southern District of California
10 found that the note possession theory was a "dubious proposition." (2009 WL250005 at 2) In
11 Sicairos v. NDEX West, LLC, (2009 WL385855 at 2, 3) the court labeled the note possession
12 argument as a "flawed legal premises." (In fact, the legal arguments made by the Debtor due not
13 involve any rights arising under Title 11.
14     Further, the Court may wish to consider the fact that on August 21, 2009, the Defendants
15 served their Motion for Summary Judgment and the Debtor's deadline for filing an opposition was
16 October 23, 2009. However, the Debtor filed his second Adversary Proceeding, case number 09-ap-
17 02480-ER, on October 22, 2009 rather than file an opposition. Defendants will now have to refile
18 the Motion for Summary Judgment at great expense, time and effort.
19     **B. Abstention May Be Mandatory.**
20     Additionally, a bankruptcy court must abstain from a proceeding "based upon a state law
21 claim or state law cause of action, related to a case under Title 11 … but not arising under Title 11
22 … or arising in a case under Title 11, with respect to which an action could not have been
23 commencing in a court of the United States absent jurisdiction of this section … if an action is
24 commenced, and can be timely adjudicated in a state forum of appropriate jurisdiction." (28 U.S.C.
25 § 1334(c)(2)) Most courts hold that mandatory abstention is applicable to removed cases, as well.
26 (Williams v. Shell Oil Company (S.D. CA 1994) 169 B.R. 684, 690)
27     As argued above, the Debtor filed his complaints in the San Diego Superior Court seeking
28 adjudications as to the validity and enforceability of Defendants' deed of trust as against the Subject

Property. (The Debtor generally alleges in his complaints that Defendants do not have the right to foreclose on the Subject Property on the grounds that: 1) there is no recorded assignment of the deed of trust, 2) Defendants do not possess the original promissory note, and 3) Defendants' loan never funded prior to the close of escrow for the purchase of the Subject Property.) Resolution of the complaints will depend on whether Defendants have complied with California Civil Code §§ 2924 through 2924k. (Moeller v. Lien (1994) 25 Cal.App. 4th 822, 830, 30 Cal.Rptr. 2d 777) All of these issues involve state law claims and do not involve issues arising under Title 11.

Abstention is appropriate in this matter because the underlying dispute has been fully litigated and is ripe for determination at the hearing for Motion for Summary Judgment or the trial which was previously scheduled for December 9, 2009. Given that nothing more needs to be undertaken in the state court action, any further delay by allowing the Debtor to continue to prosecute this matter in the bankruptcy court is unwarranted.

IV. **THE MATTER SHOULD BE REMANDED.**

Additionally, Defendants request that the Court remand the matter to the San Diego County Superior Court pursuant to 28 U.S.C. § 1452.[4] 28 U.S.C. § 1452(b) provides that the court to which the cause is removed, "may remand… on any equitable ground." Generally, equitable grounds are what is "reasonable, fair and appropriate" without reference to legal or equity distinctions. (Things Remembered, Inc. v. Petrarca (1995) 516 U.S. 124, 132, 116 S. Ct. 494; In re: Hotel Mt. Lassen, Inc. (BC ED CA 1997) 207 B.R. 935.) Equitable considerations include the effective reaction on an administration of the bankruptcy estate, the extent to which state law issues predominate, the difficulty of applicable state law, comity, judicial economy, and prejudice to the party involuntarily moved from state court. (Williams v. Shell Oil Co. (S.D. CA 1994) 169 B.R. 684, Western Helicopters, Inc. v. Hiller Aviation, Inc. (ED CA 1998) 97 B.R. 1) In fact, a remand may be ordered under the general federal removal statue with the court lacks subject matter jurisdiction. (28 U.S.C. § 1447(c), In re Hotel Mt. Lassen, Inc.)

---

[4] The Debtor clearly failed to file all pleadings from the State court when the action was removed including the Defendants' Motion for Summary Judgment. (28 U.S.C. §1446(a)) Additionally, the debtor removed the matter to the wrong District Court as the Subject Property is in the Southern District. (28 U.S.C. §1446(a))

1   As stated above, the issues to be determined in this matter are whether the foreclosure is proper under state law because the Defendants do not purportedly possess the original promissory note, have not recorded an Assignment of Deed of Trust, or whether the underlying loan funded. (California foreclosure statutes are located in California Civil Code § 2924 *et seq*.  The statutes contain the comprehensive procedures for conducting non-judicial foreclosures.  (Moeller v. Lein (1984) 25 Cal.App.4th 822, 830, 30 Cal.Rptr. 2d 777)

Further, the action in the San Diego County Superior Court has been ongoing for over one and a half years and the parties have conducted extensive discovery and law and motion.  The case is at its conclusion and is ready to be determined at the pending Motion for Summary Judgment currently scheduled for November 9, 2009. (In fact, the case was actually set for a trial on December 9, 2009.)  Based on the foregoing, the dictates of comity and judicial economy reflect that this matter should be remanded back to the San Diego County Superior Court for a final adjudication as to the rights of the parties.

## V.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the court abstain from hearing the matters and additionally remand the matter to the state court.

DATED: October 29, 2009                    WOLFE & WYMAN LLP

By:/s/ *Yaron Shahan*
ERIC M. SCHIFFER
KELLY ANDREW BEALL
YARON SHAHAN
Attorneys for Defendants,
**GMAC MORTGAGE, LLC (erroneously sued as a California limited liability company), MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (erroneously sued as a California corporation), and ETS SERVICES, LLC (erroneously sued as a California limited liability company)**

H:\Matters\GMAC Mortgage Corporation (1353.001)\138 (Sos)\BK AP 02480\Motion to Abstain-Remand.doc

# DECLARATION OF KELLY ANDREW BEALL

I, KELLY ANDREW BEALL, declare:

1. I am an attorney admitted to practice before all of the Courts of the State of California and am an associate of the firm of Wolfe & Wyman LLP, attorneys of record for the representation of Defendants GMAC MORTGAGE, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and ETS SERVICES, LLC in the above-entitled action. This declaration is submitted in support of Defendants' Motion. If called as a witness in this matter, I could and would competently testify thereto.

2. On November 10, 2008, the Debtor filed a Complaint in the San Diego County Superior Court, case number 37-2008-00060629-CU-OR-NC, containing causes of action for quiet title, slander of title, cancellation of instruments, declaratory relief and injunctive relief.

3. On February 3, 2009, the Debtor filed a Supplemental Complaint, again, containing causes of action for quiet title, slander of title, cancellation of instruments, declaratory relief and injunctive relief. Debtor sued the Defendants as the holders of a deed of trust recorded against Debtors property located at 920 Rodeo Queen Drive, Fallbrook, California 92028 ("Subject Property").

4. GMAC Mortgage, LLC is the servicer on the loan for the holder of the loan: Wells Fargo Bank, as trustee. MERS is the nominee under the deed of trust on behalf of Wells Fargo Bank, as trustee. ETS Services, LLC is the foreclosure trustee on behalf of Wells Fargo Bank, as trustee.

5. The Debtor is not the borrower on the loan, but rather is the current owner of the property having acquired it from the borrower under a grant deed.

6. Debtor generally alleges in his complaints that Defendants do not have the right to foreclose on the Subject Property on the grounds that: 1) there is no recorded assignment of the deed of trust, 2) Defendants do not possess the original promissory note, and 3) Defendants' loan never funded prior to the close of escrow for the purchase of the Subject Property.

7. The parties have conducted substantial discovery including the depositions of the escrow officer, the former owner of the property (the borrower under the loan which is the subject of

the litigation), and the notary public who handled the loan signing. At these depositions, the witnesses testified that: 1) the loan did, in fact, fund prior to the close of escrow, 2) Defendants are in possession of the original promissory note, and 3) Defendants do have the right to foreclose on the Subject Property. The parties have conducted substantial written discovery and Debtor has had the opportunity to examine the original promissory note.

8. On August 21, 2009, the Defendants served and filed a Motion for Summary Judgment setting a hearing date on the motion for November 6, 2009. (The hearing date on the Motion for Summary Judgment is now scheduled for November 9, 2009.) The deadline for the Debtor's opposition was October 23, 2009.

9. The Debtor then filed a Chapter 7 Bankruptcy Petition, case number 09-BK-37047-ER, on October 5, 2009, rather than file an opposition to Defendants' Motion for Summary Judgment. The San Diego County Superior Court then took Defendants' Motion for Summary Judgment "off calendar" upon the filing of a notice of bankruptcy by the Debtor. However, the San Diego County Superior Court then placed Defendants' Motion for Summary Judgment Defendants back "on calendar" after Defendants appeared ex parte on October 15, 2009 and advised the Court that the automatic stay was not applicable, citing In re Merrick (9th Cir.BAP 1994) 175 B.R. 333, 337; In re Mitchell (B.C.C.D.CA 1997) 206 B.R. 204, 212; In re White (9th Cir.BAP 1995) 186 B.R. 700, 703-707, and In re Miller (9th Cir.BAP 201) 262 B.R. 499, 507, fn.11.

10. The Debtor also filed an Adversary Proceeding, case number 09-ap-02342-ER, on October 16, 2009 seeking injunctive relief staying the State Court matter.

11. Debtor then filed a second Adversary Proceeding, case number 09-ap-02480-ER, on October 22, 2009 through a Notice of Removal of State Court Action.

I declare under penalty of perjury that the foregoing is true and correct and within my personal knowledge, and if called upon to testify, I could and would, competently testify thereto.

Executed on October 27, 2009, at Irvine, California.

KELLY ANDREW BEALL

2
DECLARATION OF KELLY ANDREW BEALL