1 | Stuart B. Wolfe (SBN156471)
Kelly Andrew Beall (SBN 162456)
2 | Yaron Shaham (SBN 217192)
WOLFE & WYMAN LLP
3 | 5 Park Plaza, Suite 1100
Irvine, California 92614-5979
4 | Telephone: (949) 475-9200
Facsimile: (949) 475-9203

5

Attorneys for Respondent
6 | EXECUTIVE TRUSTEE SERVICES
LLC dba ETS SERVICES, LLC

7

8 | UNITED STATES BANKRUPTCY COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10

11 | In re:

Bankruptcy No.: 09-BK-37047-ER

12 | IMRE SOS

Chapter 7 Case

13 | Debtor.

RESPONDENT EXECUTIVE
14 | TRUSTEE SERVICES LLC dba ETS
SERVICES, LLC'S OPPOSITION
15 | TO DEBTOR, EMERY SOOS FKA
IMRE SOS', MOTION TO HOLD
16 | ETS SERVICES, LLC IN
CONTEMPT FOR VIOLATION OF
17 | THE AUTOMATIC STAY;
MEMORANDUM OF POINTS AND
18 | AUTHORITIES AND
DECLARATIONS NI SUPPORT
19 | THEREOF

Date: April 29, 2010
20 | Time: 10:00 a.m.
Dept.: 1568, 15th Flr.____

21

22 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23 | PLEASE TAKE NOTICE that Respondent EXECUTIVE TRUSTEE

24 | SERVICES LLC dba ETS SERVICES, LLC ("ETS") hereby submits its opposition to

25 | Debtor, Emery Soos fictitiously known as Imre Sos' ("Debtor") Motion to hold ETS

26 | in contempt of court as follows:

27 | I.    SUMMARY OF ARGUMENT

28 | ETS respectfully requests that the Court decline the exercise of its contempt

1

1  power as ETS was unaware of the bankruptcy filing, ETS is not proceeding with the

2  foreclosure sale and ETS will be seeking relief of the automatic stay.  The remedial

3  sanctions would be unnecessary as ETS is remedying its inadvertent violation of the

4  stay.

5  II.    SUMMARY OF FACTS

6          On July 3, 2003, the Los Angeles County Superior Court, Southwest District

7  (Torrance), Case No. YC046341, entered a Prefiling Order prohibiting Debtor from

8  filing any new litigation in any state court without first obtaining leave of the

9  presiding judge of the court where the litigation was proposed to be filed.

10         However, on November 10, 2008, the Debtor, using the fictitious name "Imre

11  So," filed a Complaint in the San Diego County Superior Court, case number 37-

12  2008-00060629-CU-OR-NC.  On February 3, 2009, the Debtor filed a Supplemental

13  Complaint, again, containing causes of action for quiet title, slander of title,

14  cancellation of instruments, declaratory relief and injunctive relief.  The Debtor sued

15  the defendants as the holders of a deed of trust recorded against the Debtors property

16  located at 920 Rodeo Queen Drive, Fallbrook, California 92028 ("Subject Property").

17         The Debtor generally alleges in his complaints that the defendants do not have

18  the right to foreclose on the Subject Property on the grounds that: 1) there is no

19  recorded assignment of the deed of trust, 2) the defendants do not possess the original

20  promissory note, and 3) the defendants' loan never funded prior to the close of escrow

21  for the purchase of the Subject Property.  (The Debtor is not the borrower on the loan,

22  but rather is the current owner of the property having acquired it from the borrower

23  under a grant deed.)  The Debtor's lawsuit was filed without permission of the

24  presiding judge.

25         The defendants took depositions in the state court action including the

26  deposition of the Debtor.  During those depositions it was determined that the Subject

27  Property was a rental property and occupied by Robert Justice.  It was also determined

28  that the Debtor did not reside in the Subject Property.

ETS' OPPOSITION TO CONTEMPT MOTION 09-AP-02342

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1    On August 21, 2009, the defendants in that state court action served and filed a

2    Motion for Summary Judgment setting a hearing date on the motion for November 6,

3    2009.  The deadline for the Debtor's opposition was October 23, 2009.

4    The Debtor then filed a the present Chapter 7 Bankruptcy Petition, case number

5    09-BK-37047-ER, on October 5, 2009, rather than file an opposition to the

6    defendants' Motion for Summary Judgment.   The Debtor filed the petition using the

7    fictitious name "Imre Sos."

8    The San Diego County Superior Court initially took the defendants' Motion for

9    Summary Judgment "off calendar" upon the filing of a notice of bankruptcy by the

10   Debtor.  However, the San Diego County Superior Court reinstated the defendants'

11   Motion for Summary Judgment after the defendants appeared ex parte on October 15,

12   2009 and advised the Court that the automatic stay was not applicable, citing In re

13   Merrick (9th Cir.BAP 1994) 175 B.R. 333, 337; In re Mitchell (B.C.C.D.CA 1997)

14   206 B.R. 204, 212; In re White (9th Cir.BAP 1995) 186 B.R. 700, 703-707, and  In re

15   Miller (9th Cir.BAP 201) 262 B.R. 499, 507, fn.11.

16   The Debtor then filed an Adversary Proceeding, case number 09-ap-02342-ER,

17   on October 16, 2009 seeking injunctive relief staying the State Court matter.  This

18   Court denied the Debtor's ex parte application for a temporary restraining order and

19   Order to Show Cause re: Preliminary Injunction.  The Debtor subsequently filed a

20   second Adversary Proceeding, case number 09-ap-02480-ER, on October 22, 2009

21   through a Notice of Removal of State Court Action.  This Court remanded that case

22   back to the state court.

23   The San Diego County Superior Court dismissed the state court action after it

24   found that: 1) the Debtor was a vexatious litigant and subject to a prefiling order, and

25   2) the Debtor had failed to obtain permission from the presiding judge before filing

26   suit.

27   The Debtor then filed a petition for Writ of Mandate in the California Court of

28   Appeal, which was subsequently dismissed because the Debtor failed to obtain

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

3

1    permission from the presiding justice to file the petition.  The Debtor then filed a

2    petition of Writ of Mandate with the California Supreme Court, which was also

3    dismissed.

4         ETS maintains policies and procedures concerning bankruptcy filings including

5    immediately flagging a foreclosure file, placing all further foreclosure proceedings on

6    hold and coordinating with bankruptcy counsel to obtain orders from the relief of stay.

7    However,  ETS' business records do not reflect that ETS received notice of the

8    Debtor's bankruptcy.  In fact, ETS' business records reflect that it only became aware

9    of the Debtor's bankruptcy petition on April 15, 2010 when it received a copy of

10   present Motion for Contempt.

11        ETS is currently in the process of retaining legal counsel to file a Motion for

12   Relief of Stay in the Debtor's bankruptcy so that it may immediately re-record a new

13   Notice of Sale setting a new sale date to correct the previously recorded Notice of

14   Sale.  ETS will not take any action to proceed with the foreclosure sale currently

15   scheduled for May 5, 2010 in light of the Debtor's bankruptcy.  ETS will only proceed

16   after and until it has obtained a court order granting its Motion for Relief of Stay.

17   **III.   LEGAL ANALYSIS**

18        The Debtor seeks to hold ETS in contempt of court for recording the Notice of

19   Sale during the bankruptcy automatic stay.  The Bankruptcy Court's contempt power

20   under 11 U.S.C. § 105 is limited to civil contempt. (In re: Dyer, 322 F.3d 1178, 1198

21   (9th Cir. 2003)  The purpose of civil contempt is to coerce compliance with the court

22   order or to compensate another party for losses causes by violation of the court order.

23   (International Union, U.M.W.A. v. Bagwell (1994) 512 U.S.A. 21, 827-828, 114 S.Ct.

24   2552

25       **A.    FORCED COMPLIANCE IS UNECESSARY**

26        As set forth above, ETS is currently in the process of retaining legal counsel to

27   file a Motion for Relief of Stay in the Debtor's bankruptcy so that it may immediately

28   re-record a new Notice of Sale setting a new sale date to correct the previously

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

ETS' OPPOSITION TO CONTEMPT MOTION 09-AP-02342

1  recorded Notice of Sale. ETS will not take any action to proceed with the foreclosure

2  sale currently scheduled for May 5, 2010 in light of the Debtor's bankruptcy. ETS

3  will only proceed after and until it has obtained a court order granting its Motion for

4  Relief of Stay. ETS respectfully requests that the Court decline the exercise of its

5  contempt power as: 1) ETS was unaware of the bankruptcy filing, 2) ETS is not

6  proceeding with the foreclosure sale and 3) ETS will be seeking relief of the automatic

7  stay. The remedial sanctions would be unnecessary as ETS is remedying its

8  inadvertent violation of the stay.

9      B.    **THE DEBTOR HAS NOT BEEN DAMAGED**

10      The Debtor presents no evidence that he has been damaged by the simple

11  recordation of the Notice of Sale. Moreover, the Debtor conveniently fails to advise

12  the Court that the Subject Property is a rental property and that he does not even reside

13  in the Subject Property. The Debtor has failed to establish that he is entitled to

14  damages. (In Re Dawson 390 F3d 1139, (9th Cir. 2004))

15      C.    **DEBTOR'S PURPORTED BANKRUPTCY IS A SHAM.**

16      11 USC § 101(41) provides that a bankruptcy petition may be filed by an

17  individual, partnership or corporation. However, a bankruptcy petition cannot be filed

18  under a fictitious name. (In re T.W. Koeger Trucking Co. 105 B.R. 512 Bkrtcy. E.D.

19  Mo., 1989)   In the present matter, the Debtor filed this Chapter 7 Bankruptcy Petition

20  using the fictitious name "Imre Sos." Additionally, the Debtor only filed the

21  bankruptcy to frustrate the defendants' ability to defend the San Diego County

22  Superior Court matter. The Debtor's egregious conduct in filing an improper

23  bankruptcy petition should not be rewarded by issuing contempt sanctions on an

24  inadvertent violation of the stay. In fact, the Debtor may himself be subject to

25  sanctions for such tactics or even criminal prosecution. (FRBP, Rule 9011, 11 USC

26  §105(a), 18 USC § 157)

27      D.    **DEBTOR'S MOTION IS PROCEDURALY DEFECTIVE.**

28      A party seeking an order of contempt must apply to the Court for an Order To

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

5

1  Show Cause Re: Contempt with a proposed order.   (In re: Stasz, 387B.R. 271, 275

2  (9th Cir. B.A.P. 2008) LBR 9020-1.)  In the present matter, the Debtor has failed to

3  comply with LBR 9020-1 and the motion should be denied.

4  **IV.    CONCLUSION**

5       Based on the foregoing ETS respectfully requests that the Court deny the

6  Debtor's Motion.

7

8  DATED:  April 16, 2010                    WOLFE & WYMAN LLP

9

                                            By: /s/ *Yaron Shaham*
10                                              STUART B. WOLFE
                                                KELLY ANDREW BEALL
11                                              YARON SHAHAM
                                            Attorneys for Respondent
12                                          **EXECUTIVE TRUSTEE SERVICES LLC**
                                            **dba ETS SERVICES, LLC**
13
   H:\Matters\GMAC Mortgage Corporation (1353.001)\138 (Sos)\BK AP 02342\ETS' Opposition to Sos' Re Contempt.doc
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ETS' OPPOSITION TO CONTEMPT MOTION 09-AP-02342**

**DECLARATION OF ETS IN SUPPORT OF OPPOSITION**

I, MYRON RAVELO, declare as follows:

1.    I am a Default Team Lead, Limited Signing Officer of EXECUTIVE TRUSTEE SERVICES LLC dba ETS SERVICES, LLC ("ETS").  I have personal knowledge of the matters set forth herein, and if called upon as a witness, could and would testify competently thereto.  I make this declaration in support of ETS' opposition to Debtor, Imre Sos', Motion to hold ETS n contempt for violation of the automatic stay.  The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2.    I am also one of the custodians of records for ETS, including those records relating to the foreclosure of property located at 920 Rodeo Queen Drive, Fallbrook, California 92028.  These records are made and kept within the ordinary course of business and are made at or near the time of the act, condition or event of record by a means which insures their reliability and made by persons whose responsibility it is to record such acts, conditions or events.  I have also personally reviewed the foreclosure records and have personal knowledge of the facts set forth in this declaration including the loan file which is the subject of this action.  If called upon to testify as to these records, I could and would do so competently and truthfully under oath.

3.    ETS maintains policies and procedures concerning bankruptcy filings including immediately flagging a foreclosure file, placing all further foreclosure proceedings on hold and coordinating with bankruptcy counsel to obtain orders from the relief of stay.

4.    I have reviewed ETS' business records and have determined that they do not reflect that ETS received notice of Imre Sos' bankruptcy petition.  While I understand that the Certificate of Notice of the bankruptcy petition reflects that ETS was served, I am unable to locate a copy the petition in our business records.  ETS' normal policies and procedures concerning bankruptcy filings were not filed in this

ETS' OPPOSITION TO CONTEMPT MOTION  09-AP-02342

1  instance due to the lack of knowledge of the bankruptcy petition.

2       5.     ETS only became aware of the bankruptcy petition on April 15, 2010

3  when it received a copy of the Debtor's contempt motion.

4       6.     Effective April 15, 2010, ETS has now implemented its policies and

5  procedures concerning bankruptcy filings including immediately flagging the present

6  foreclosure file, placing all further foreclosure proceedings on hold and coordinating

7  with bankruptcy counsel to obtain an order from the relief of stay.  ETS understand

8  that legal counsel is being retained to immediately file a Motion for Relief in the

9  bankruptcy case.  ETS anticipates that the law firm of Pite & Duncan LLP will be

10  filing the motion for relief of stay within the next several weeks.   Once the order is

11  obtained ETS will re-record a new Notice of Sale.

12       7.     ETS will not take any action to proceed with the foreclosure sale

13  scheduled for May 5, 2010 in light of the bankruptcy.  ETS will only proceed after and

14  until it has obtained a court order granting its motion for relief of stay.

15       I declare under penalty of perjury that the foregoing is true and correct.

16  Executed on April 16, 2010 at Burbank, California.

17

18               MYRON RAVELO

19

20

21

22

23

24

25

26

27

28

ETS' OPPOSITION TO CONTEMPT MOTION  09-AP-02342

WOLFE & WYMAN LLP
Attorneys & Counselors At Law

1

## DECLARATION OF KELLY ANDREW BEALL

2    I, KELLY ANDREW BEALL, declare:

3    1.    I am an attorney admitted to practice before all of the Courts of the State

4    of California and am a senior associate at the firm of Wolfe & Wyman LLP, attorneys

5    of record for the representation of ETS Services, LLC in the above-entitled action.

6    The following is within my personal knowledge, and if called upon to testify, I could

7    and would, competently testify thereto.

8    2.    Our office previously represented GMAC Mortgage, LLC in a lawsuit

9    filed by the Debtor in the San Diego County Superior Court, Case No. 37-2008-

10   00060629-CU-OR-NC.

11   3.    On July 3, 2003, the Los Angeles County Superior Court, Southwest

12   District (Torrance), Case No. YC046341, entered a Prefiling Order prohibiting Debtor

13   from filing any new litigation in any state court without first obtaining leave of the

14   presiding judge of the court where the litigation was proposed to be filed.  A true and

15   correct copy of the prefiling order is attached hereto as **Exhibit "1."**

16   4.    The Debtor attempted to dissolve the order by filing a motion.  The

17   telephone number on the motion filed by Emery Soos is identical to the telephone

18   number list on the Debtor's present motion for contempt. A true and correct copy of

19   the face page of the Debtor's motion is attached hereto as **Exhibit "2."**

20   5.    On November 10, 2008, the Debtor, using the fictitious name "Imre Sos,"

21   filed a Complaint in the San Diego County Superior Court, case number 37-2008-

22   00060629-CU-OR-NC.  On February 3, 2009, the Debtor filed a Supplemental

23   Complaint, again, containing causes of action for quiet title, slander of title,

24   cancellation of instruments, declaratory relief and injunctive relief.  The Debtor sued

25   the defendants as the holders of a deed of trust recorded against the Debtors property

26   located at 920 Rodeo Queen Drive, Fallbrook, California 92028.

27   6.    The Debtor generally alleged in his complaints that the defendants did

28   not have the right to foreclose on the Subject Property on the grounds that: 1) there

*WOLFE & WYMAN LLP*
*ATTORNEYS & COUNSELORS AT LAW*

9

ETS' OPPOSITION TO CONTEMPT MOTION  09-AP-02342

1  was no recorded assignment of the deed of trust, 2) the defendants did not possess the

2  original promissory note, and 3) the defendants' loan never funded prior to the close

3  of escrow for the purchase of the Subject Property. The Debtor is not the borrower

4  on the loan, but rather is the current owner of the property having acquired it from the

5  borrower under a grant deed. The Debtor's lawsuit was filed without permission of

6  the presiding judge.

7    7. I took depositions in the state court action including the deposition of the

8  Debtor. During those depositions the former owner, Kathy Braun, and the Debtor

9  testified that the Subject Property was a rental property and occupied by Robert

10  Justice. The Debtor also testified that he did not reside in the Subject Property.

11    8. On August 21, 2009, I served and filed a Motion for Summary Judgment

12  setting a hearing date on the motion for November 6, 2009. The deadline for the

13  Debtor's opposition was October 23, 2009.

14    9. The Debtor then filed the present Chapter 7 Bankruptcy Petition, case

15  number 09-BK-37047-ER, on October 5, 2009, rather than file an opposition to

16  Defendants' Motion for Summary Judgment. Debtor filed the petition using the

17  fictitious name "Imre So."

18    10. The San Diego County Superior Court initially took the defendants'

19  Motion for Summary Judgment "off calendar" upon the filing of a notice of

20  bankruptcy by the Debtor. However, the San Diego County Superior Court reinstated

21  the defendants' Motion for Summary Judgment Defendants back "on calendar" after

22  the defendants appeared ex parte on October 15, 2009 and advised the Court that the

23  automatic stay was not applicable, citing In re Merrick (9th Cir.BAP 1994) 175 B.R.

24  333, 337; In re Mitchell (B.C.C.D.CA 1997) 206 B.R. 204, 212; In re White (9th

25  Cir.BAP 1995) 186 B.R. 700, 703-707, and In re Miller (9th Cir.BAP 201) 262 B.R.

26  499, 507, fn.11.

27    11. The Debtor then filed an Adversary Proceeding, case number 09-ap-

28  02342-ER, on October 16, 2009 seeking injunctive relief staying the State Court

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

10

ETS' OPPOSITION TO CONTEMPT MOTION 09-AP-02342

1    matter. This Court denied Debtor's ex parte application for a temporary restraining

2    order and Order to Show Cause re: Preliminary Injunction.

3        12.    The Debtor subsequently filed a second Adversary Proceeding, case

4    number 09-ap-02480-ER, on October 22, 2009 through a Notice of Removal of State

5    Court Action.  This Court remanded the case back to the state court.

6        13.    The San Diego County Superior Court dismissed the state court action

7    after it found that: 1) the Debtor was a vexatious litigant and subject to a prefiling

8    order, and 2) the Debtor had failed to obtain permission from the presiding judge.  A

9    true and correct copy of the Court's minute order is attached hereto as **Exhibit "3."**

10       14.    The Debtor then filed a petition for Writ of Mandate in the California

11   Court of Appeal.  On March 23, 2010, the Court of Appeal, Fourth Appellate District,

12   Case No. D056923, denied the Debtor's request for permission to file a petition for

13   writ of mandate.

14       15.    The Debtor also filed a petition of Writ of Mandate with the California

15   Supreme Court.  On March 18, 2010, the California Supreme Court, Case No.

16   S180959, denied the Debtor's Application for Stay and dismissed the Petition for Writ

17   of Mandate.

18       16.    I believe based on the foregoing that the Debtor's real name is Emery

19   Soos.

20       17.    I advised the Debtor on April 16, 2010, that the foreclosure sale was

21   cancelled and that the foreclosure has been placed on hold.  A true and correct copy of

22   my letter is attached hereto as **Exhibit "4."**

23       I declare under penalty of perjury that the foregoing is true and correct.

24   Executed on April 16, 2010, at Irvine, California.

25

26

27   _____
     KELLY ANDREW BEALL

28