

FILED & ENTERED

MAY 09 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

1 **Stuart B. Wolfe (SBN156471)**
  **Kelly Andrew Beall (SBN 162456)**
2 **Yaron Shaham (SBN 217192)**
  **WOLFE & WYMAN LLP**
3 **5 Park Plaza, Suite 1100**
  **Irvine, California 92614-5979**
4 **Telephone:  (949) 475-9200**
  **Facsimile:  (949) 475-9203**
5
  Attorneys for Respondent
6 **EXECUTIVE TRUSTEE SERVICES**
  **LLC dba ETS SERVICES, LLC**
7

8               **UNITED STATES BANKRUPTCY COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10

11 In re:                                    Case No.:  09-BK-37047-ER

12 IMRE SOS                                  **ORDER AFTER HEARING ON**
                                             **DEBTOR'S MOTION TO HOLD**
13         Debtor.                           **ETS SERVICES, LLC IN**
                                             **CONTEMPT FOR VIOLATION OF**
14                                           **THE AUTOMATIC STAY**

15                                           Date:  April 29, 2010
                                             Time: 10:00 a.m.
16                                           Dept.: 1568, 15th Flr.

17

18 **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

19      **PLEASE TAKE NOTICE** that Debtor, Imre Sos' Motion To Hold ETS

20 Services, LLC In Contempt For Violation Of The Stay came on for hearing on April

21 29, 2010 at 10:00 a.m. before the Honorable Ernest M. Robles, presiding.  Kelly

22 Andrew Beall, Esq. appeared for Respondent ETS Services, LLC.  Debtor Imre Sos

23 appeared telephonically in pro per.

24      After consideration of all moving, opposing, and reply papers, as well as oral

25 arguments before the Court, and good cause and good cause otherwise appearing

26 therefore:

27 ///

28 ///

                                        1
                                        **[PROPOSED] ORDER ON DEFENDANTS MOTION**

WOLFE & WYMAN LLP
Attorneys & Counselors At Law

**1**    **IT IS HEREBY ORDERED THAT:**

**2**        The Debtor's Motion Granted in part and denied in part.

**3**        Debtor filed for chapter 7 relief on 10/5/09.  Debtor seeks damages against ETS

**4**  Services LLC ("ETS") for violation of the automatic stay. Debtor asserts that despite

**5**  being served with notice of his chapter 7 case, ETS served Debtor with a notice of

**6**  trustee's sale on 4/2/10.  Debtor seeks emotional distress damages in the amount of

**7**  $2,500.

**8**        In opposition, ETS asserts that it was unaware of Debtor's bankruptcy case and

**9**  that it is not going forward with the foreclosure as scheduled. [1]  Consequently,

**10**  remedial sanctions are not necessary.  Specifically, ETS provides that it

**11**          maintains policies and procedures concerning bankruptcy filings
             including immediately flagging a foreclosure file, placing all further
**12**         foreclosure proceedings on hold and coordinating with bankruptcy
             counsel to obtain orders from the relief of stay [sic].  However, ETS'
**13**         business records do not reflect that ETS received notice of the
             Debtor's bankruptcy.  In fact, ETS' business records reflect that it
**14**         only became aware of the Debtor's bankruptcy petition on April 15,
             2010 when it received a copy of [the Motion].
**15**
             ETS is currently in the process of retaining legal counsel to file a
**16**         Motion for Relief of Stay in the Debtor's bankruptcy so that it may
             immediately re-record a new Notice of Sale setting a new sale date to
**17**         correct the previously recorded Notice of Sale. ETS will not take any
             action to proceed with the foreclosure sale currently scheduled for
**18**         May 5, 2010 in light of the Debtor's bankruptcy. ETS will only
             proceed after and until it has obtained a court order granting its
**19**         Motion for Relief of Stay.

**20**        Opposition at 4; Declaration of ETS in Support of Opposition.

**21**        ETS further argues that Debtor has presented no evidence that he has been

**22**  damaged by the recording of the Notice of Sale. "Moreover, the Debtor conveniently

**23**  fails to advise the Court that the Subject Property is a rental property and that he does

**24**  not even reside in the Subject Property." Motion at 5.  ETS also contends that Debtor

**25**  filed this bankruptcy using a fictitious name. "The Debtor's egregious conduct in

**26**  filing an improper bankruptcy petition should not be rewarded by issuing contempt

**27**  sanctions on an inadvertent violation of the stay." Motion at 5.

**28**        In reply, Debtor clarifies that he is only seeking damages for violation of the

WOLFE & WYMAN LLP
Attorneys & Counselors At Law

2

**[PROPOSED] ORDER ON DEFENDANTS MOTION**

1  automatic stay and is not seeking civil contempt sanctions. Reply at 2.  Debtor further

2  increases his damage request to $5,000 and asserts:

3      1. Emotional distress may be apparent without corroborative evidence. "For
       instance, the violator may have engaged in egregious conduct. . . . Even if the

4      violation of the automatic stay was not egregious, the circumstances may make
       it obvious that a reasonable person would suffer significant emotional harm."

5      Reply at 2.

6      2. Regarding Debtor's identity, Debtor asserts that he "established his identity
       at the Creditor's Meeting to the satisfaction of the trustee." Reply at 3.

7

8      Debtor also raises evidentiary objections to the declarations submitted in

9  support of the Opposition.

10     11 U.S.C. § 362(k) provides:

11     (k)(1) Except as provided in paragraph (2), an individual injured by any willful
       violation of a stay provided by this section shall recover actual damages,

12  including costs and attorneys' fees, and, in appropriate circumstances, may recover
    punitive damages.

13

14     "A party seeking damages for violation of the automatic stay must prove by a

15  preponderance of the evidence that (1) a bankruptcy petition was filed; (2) the debtor

16  is an individual; (3) the creditor received notice of the petition; (4) the creditor's

17  actions were in willful violation of the stay, and (5) the debtor suffered damages." In

18  re Bertuccio, 414 B.R. 604, 611 (Bankr. N.D. Cal. 2008)(citation omitted).  A stay

19  violation is "willful" "if 1) the creditor knew of the stay and 2) creditor's actions,

20  which violated the automatic stay, were intentional." Id. at 612.

21     In the instant case, it is clear that Debtor is an individual and filed a bankruptcy

22  petition.  While ETS appears on the certificate of service of the Notice of Chapter 7

23  Bankruptcy Case, a copy of which is attached as Exhibit B to the Motion, the Court's

24  review of the certificate of service indicates that ETS was served at "2255 N. Ortario

25  St 400."  ETS' street address on the Notice of Trustee's Sale, a copy of which is

26  attached as Exhibit C to the Motion, is "255 North Ontario Street, Ste. 400."

27  Consequently, although ETS appears on the certificate of service, it may not have

28  received notice of Debtor's case, as it claims.

WOLFE & WYMAN LLP
Attorneys & Counselors At Law

3

1    Notwithstanding, although not raised by any party, the Court takes judicial

2 notice of the fact that ETS was one of the moving parties in a motion to abstain or

3 remand a related adversary proceeding ("Remand Motion") filed before this Court in

4 October of 2009. I n addition, ETS's current counsel also represented ETS with

5 respect to the Remand Motion. The order granting remand was entered on 12/14/09.

6 Consequently, it is somewhat disingenuous for ETS to now claim that it had no notice

7 of Debtor's bankruptcy when it recorded the notice of trustee's sale in 2010.

8 Consequently, the Court finds that ETS had notice of Debtor's petition at the time of

9 the post-petition act.

10    Moreover, based on its participation in the Remand Motion, ETS knew of the

11 automatic stay and its act of recording the notice of trustee's sale was intentional.

12 Therefore, ETS' violation of the stay was willful.  Notwithstanding, Debtor has not

13 met his burden of proof with respect to damages.  The Ninth Circuit has provided that

14 in order to obtain emotional distress damages under § 362(k), "an individual must (1)

15 suffer significant harm, (2) clearly establish the significant harm, and (3) demonstrate

16 a causal connection between that significant harm and the violation of the automatic

17 stay (as distinct, for instance, from the anxiety and pressures inherent in the

18 bankruptcy process)."  In re Dawson, 390 F.3d 1139, 1149 (9th Cir. 2004). Debtor

19 requests $5,000 for emotional distress, but does not describe the harm caused by the

20 violation or the severity of the emotional distress purportedly caused by the violation

21 of the stay. Moreover, the circumstances of this case do not make the harm obvious.

22 Id. at 1149-50.

23    Based on the foregoing, the Motion is granted because the Court finds that a

24 violation of the stay occurred.  The requested for damages is denied because it is not

25 supported by evidence.  Because the Court does not rely on the declarations in support

26 of the Opposition in reaching this conclusion, it is not necessary to address Debtor's

27 evidentiary objections.

28 ///

WOLFE & WYMAN LLP
Attorneys & Counselors At Law

4

[PROPOSED] ORDER ON DEFENDANTS MOTION

1    END NOTES:

2    1. ETS provides extensive background regarding Debtor's state court actions,

3    which information is not relevant to this Motion.

4

5    **IT IS SO ORDERED**

6    ###

7

8

9

10

11

WOLFE & WYMAN LLP
Attorneys & Counselors At Law

12

13

14

15

16

17

18

19

20

21

22

23

24

25    DATED: May 9, 2010
_____
United States Bankruptcy Judge

26

27

28

5

**[PROPOSED] ORDER ON DEFENDANTS MOTION**

| | |
|---|---|
| In re: **IMRE SoS** | CHAPTER 7 |
| | CASE NUMBER 09-BK-37047-ER |
| | Adversary Case No.: 2:09-AP-02342-ER |
| Debtor(s). | Adversary Case No.: 2:09-AP-02480-ER |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.  Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**5 Park Plaza, Ste. 1100
Irvine, CA 92614-5979**

A true and correct copy of the foregoing document described **ORDER AFTER HEARING ON DEBTOR'S MOTIO TO HOLD ETS SERVICES, LLC IN CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On **April 29, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Imre Sos
703 Pier Ave., Ste. B
Hermosa Beach, CA 90254-3943
(Via U.S. Mail)

Heide Kurtz
Bankruptcy Trustee
2515 S. Western Avenue, #11
San Pedro, CA 90732-4643
(Via U.S. Mail)

**WOLFE & WYMAN LLP**
Attorneys & Counselors At Law

6

**[PROPOSED] ORDER ON DEFENDANTS MOTION**

1   U.S. Trustee (LA)
2   725 S. Figueroa St., 26th Flr.
    Los Angeles, CA  90017-5524
3   (Via U.S. Mail)

4

5                                                              ☐ Service information continued on attached page

6

7   **III.  <u>SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL</u>** (indicate method for
    <u>each person or entity served):</u> Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____
8   ___ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in
    writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here
9   constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the
    document is filed.

10

11



12

13                                                             ☐ Service information continued on attached page

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and
14  correct.

15    April 29, 2010                                              /s/ David Felton

16    *Date*                      *Type Name*                     *Signature*

17

18

19

20

21

22

23

24

25

26

27

28

7

**[PROPOSED] ORDER ON DEFENDANTS MOTION**

| In re: **IMRE SoS** | | CHAPTER 7 |
|---|---|---|
| | | CASE NUMBER 09-BK-37047-ER |
| | Debtor(s). | Adversary Case No.: 2:09-AP-02342-ER |
| | | Adversary Case No.: 2:09-AP-02480-ER |

<u>**NOTE TO USERS OF THIS FORM**</u>:

**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4**) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER AFTER HEARING ON DEBTOR'S MOTION TO HOLD ETS SERVICES, LLC IN CONTEMPT FOR VIOLATION OF THE AUTOMATIC STAY** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served

In the manner indicated below:

**I.   SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (**"**NEF**"**)** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of <u>April 29, 2010</u>, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Heide Kurtz
Bankruptcy Trustee
2515 S. Western Avenue, #11
San Pedro, CA 90732-4643

U.S. Trustee (LA)
725 S. Figueroa St., 26th Flr.
Los Angeles, CA  90017-5524

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Imre Sos
703 Pier Ave., Ste. B
Hermosa Beach, CA 90254-3943

☐ Service information continued on attached page

8

**[PROPOSED] ORDER ON DEFENDANTS MOTION**

WOLFE & WYMAN LLP
Attorneys & Counselors At Law

**III.  <u>TO BE SERVED BY THE LODGING PARTY</u>**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

Imre Sos                                              Plaintiff in Pro Per
703 Pier Ave., Ste. B                                 Ph.: (310) 722-8828
Hermosa Beach, CA 90254-3943                          Fax: (310) 776-7418


Heide Kurtz                                           Chapter 7 Trustee
Bankruptcy Trustee
2515 S. Western Avenue, #11
San Pedro, CA 90732-4643


U.S. Trustee (LA)                                     U.S. Trustee
725 S. Figueroa St., 26th Flr.
Los Angeles, CA  90017-5524



☐ Service information continued on attached page



WOLFE & WYMAN LLP
Attorneys & Counselors At Law

9

**[PROPOSED] ORDER ON DEFENDANTS MOTION**