Imre Sos, Debtor
703 Pier Ave., Ste. B
Hermosa Beach, CA 90254-3943

Case No. 2:09-bk-37047-ER

Declaration of no Social Security Number pursuant to FRBP Sec 1007(f)

I, Imre Sos, declare that I do not he a Social Security Number or an Individual Tax Payer Identification Number.

I declare under penalty of perjury that the foregoing is true and correct.

October 5, 2009

Imre Sos
Imre Sos



FILED
JUN 0 7 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:            Deputy Clerk

**(3) Postponement of attorney's fees.**

All installments of the filing fee must be paid in full before the debtor or chapter 13 trustee may make further payments to an attorney or any other person who renders services to the debtor in connection with the case.

## (c) Waiver of filing fee.

A voluntary chapter 7 petition filed by an individual shall be accepted for filing if accompanied by the debtor's application requesting a waiver under 28 U.S.C. § 1930 (f), prepared as prescribed by the appropriate Official Form.

*Notes*

Rule **1007**. Lists, Schedules, Statements, and Other Documents; Time Limits

## (a) Corporate ownership statement, list of creditors and equity security holders, and other lists.

**(1) Voluntary case.**

In a voluntary case, the debtor shall file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H as prescribed by the Official Forms. If the debtor is a corporation, other than a governmental unit, the debtor shall file with the petition a corporate ownership statement containing the information described in Rule 7007.1. The debtor shall file a supplemental statement promptly upon any change in circumstances that renders the corporate ownership statement inaccurate.

**(2) Involuntary case.**

In an involuntary case, the debtor shall file within 15 days after entry of the order for relief, a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H as prescribed by the Official Forms.

**(3) Equity security holders.**

In a chapter 11 reorganization case, unless the court orders otherwise, the debtor shall file within 15 days after entry of the order for relief a list of the debtor's equity security holders of each class showing the number and kind of interests registered in the name of each holder, and the last known address or place of business of each holder.

**(4) Chapter 15 case.**

In addition to the documents required under § 1515 of the Code, a foreign representative filing a petition for recognition under chapter 15 shall file with the petition: (A) a corporate ownership statement containing the information described in Rule 7007.1; and (B) unless the court orders otherwise, a list containing the names and addresses of all persons or bodies authorized to administer foreign proceedings of the debtor, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and all entities against whom provisional relief is being sought under § 1519 of the Code.

**(5) Extension of time.**

Any extension of time for the filing of the lists required by this subdivision may be granted only on motion for cause shown and on notice to the United States trustee and to any trustee, committee elected under § 705 or appointed under § 1102 of the Code, or other party as the court may direct.

## (b) Schedules, statements, and other documents required.

(1) Except in a chapter 9 municipality case, the debtor, unless the court orders otherwise, shall file the following schedules, statements, and other documents, prepared as prescribed by the appropriate Official Forms, if any:

(A) schedules of assets and liabilities;

(B) a schedule of current income and expenditures;

(C) a schedule of executory contracts and unexpired leases;

(D) a statement of financial affairs;

(E) copies of all payment advices or other evidence of payment, if any, received by the debtor from an employer within 60 days before the filing of the petition, with redaction of all but the last four digits of the debtor's social-security number or individual taxpayer-identification number; and

(F) a record of any interest that the debtor has in an account or program of the type specified in § 521(c) of the Code.

(2) An individual debtor in a chapter 7 case shall file a statement of intention as required by § 521(a) of the Code, prepared as prescribed by the appropriate Official Form. A copy of the statement of intention shall be

served on the trustee and the creditors named in the statement on or before the filing of the statement.

(3) Unless the United States trustee has determined that the credit counseling requirement of § 109(h) does not apply in the district, an individual debtor must file a statement of compliance with the credit counseling requirement, prepared as prescribed by the appropriate Official Form which must include one of the following:

 (A) an attached certificate and debt repayment plan, if any, required by § 521(b);

 (B) a statement that the debtor has received the credit counseling briefing required by § 109(h)(1) but does not have the certificate required by § 521(b);

 (C) a certification under § 109(h)(3); or

 (D) a request for a determination by the court under § 109(h)(4).

(4) Unless § 707(b)(2)(D) applies, an individual debtor in a chapter 7 case shall file a statement of current monthly income prepared as prescribed by the appropriate Official Form, and, if the current monthly income exceeds the median family income for the applicable state and household size, the information, including calculations, required by § 707(b), prepared as prescribed by the appropriate Official Form.

(5) An individual debtor in a chapter 11 case shall file a statement of current monthly income, prepared as prescribed by the appropriate Official Form.

(6) A debtor in a chapter 13 case shall file a statement of current monthly income, prepared as prescribed by the appropriate Official Form, and, if the current monthly income exceeds the median family income for the applicable state and household size, a calculation of disposable income made in accordance with § 1325(b)(3), prepared as prescribed by the appropriate Official Form.

(7) An individual debtor in a chapter 7 or chapter 13 case shall file a statement of completion of a course concerning personal financial management, prepared as prescribed by the appropriate Official Form. An individual debtor shall file the statement in a chapter 11 case in which § 1141(d)(3) applies.

(8) If an individual debtor in a chapter 11, 12, or 13 case has claimed an exemption under § 522(b)(3)(A) in property of the kind described in § 522(p)(1) with a value in excess of the amount set out in § 522(q)(1), the debtor shall file a statement as to whether there is any proceeding pending in which the debtor may be found guilty of a felony of a kind described in § 522(q)

(1)(A) or found liable for a debt of the kind described in § 522(q)(1)(B).

(c) Time limits.

In a voluntary case, the schedules, statements, and other documents required by subdivision (b)(1), (4), (5), and (6) shall be filed with the petition or within 15 days thereafter, except as otherwise provided in subdivisions (d), (e), (f), and (h) of this rule. In an involuntary case, the list in subdivision (a)(2), and the schedules, statements, and other documents required by subdivision (b)(1) shall be filed by the debtor within 15 days of the entry of the order for relief. In a voluntary case, the documents required by paragraphs (A), (C), and (D) of subdivision (b)(3) shall be filed with the petition. Unless the court orders otherwise, a debtor who has filed a statement under subdivision (b)(3)(B), shall file the documents required by subdivision (b)(3)(A) within 15 days of the order for relief. In a chapter 7 case, the debtor shall file the statement required by subdivision (b)(7) within 45 days after the first date set for the meeting of creditors under § 341 of the Code, and in a chapter 11 or 13 case no later than the date when the last payment was made by the debtor as required by the plan or the filing of a motion for a discharge under § 1141(d)(5)(B) or § 1328(b) of the Code. The court may, at any time and in its discretion, enlarge the time to file the statement required by subdivision (b)(7). The debtor shall file the statement required by subdivision (b)(8) no earlier than the date of the last payment made under the plan or the date of the filing of a motion for a discharge under §§ 1141(d)(5)(B), 1228(b), or 1328(b) of the Code. Lists, schedules, statements, and other documents filed prior to the conversion of a case to another chapter shall be deemed filed in the converted case unless the court directs otherwise. Except as provided in § 1116(3), any extension of time to file schedules, statements, and other documents required under this rule may be granted only on motion for cause shown and on notice to the United States trustee, any committee elected under § 705 or appointed under § 1102 of the Code, trustee, examiner, or other party as the court may direct. Notice of an extension shall be given to the United States trustee and to any committee, trustee, or other party as the court may direct.

(d) List of 20 largest creditors in chapter 9 municipality case or chapter 11 reorganization case.

In addition to the list required by subdivision (a) of this rule, a debtor in a chapter 9 municipality case or a

debtor in a voluntary chapter 11 reorganization case shall file with the petition a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders, as prescribed by the appropriate Official Form. In an involuntary chapter 11 reorganization case, such list shall be filed by the debtor within 2 days after entry of the order for relief under § 303(h) of the Code

### (e) List in chapter 9 municipality cases.

The list required by subdivision (a) of this rule shall be filed by the debtor in a chapter 9 municipality case within such time as the court shall fix. If a proposed plan requires a revision of assessments so that the proportion of special assessments or special taxes to be assessed against some real property will be different from the proportion in effect at the date the petition is filed, the debtor shall also file a list showing the name and address of each known holder of title, legal or equitable, to real property adversely affected. On motion for cause shown, the court may modify the requirements of this subdivision and subdivision (a) of this rule.

### (f) Statement of social security number.

An individual debtor shall submit a verified statement that sets out the debtor's social security number, or states that the debtor does not have a social security number. In a voluntary case, the debtor shall submit the statement with the petition. In an involuntary case, the debtor shall submit the statement within 15 days after the entry of the order for relief.

### (g) Partnership and partners.

The general partners of a debtor partnership shall prepare and file the list required under subdivision (a), schedules of the assets and liabilities, schedule of current income and expenditures, schedule of executory contracts and unexpired leases, and statement of financial affairs of the partnership. The court may order any general partner to file a statement of personal assets and liabilities within such time as the court may fix.

### (h) Interests acquired or arising after petition.

If, as provided by § 541(a)(5) of the Code, the debtor acquires or becomes entitled to acquire any interest in property, the debtor shall within 10 days after the information comes to the debtor's knowledge or within such further time the court may allow, file a

supplemental schedule in the chapter 7 liquidation case, chapter 11 reorganization case, chapter 12 family farmer's debt adjustment case, or chapter 13 individual debt adjustment case. If any of the property required to be reported under this subdivision is claimed by the debtor as exempt, the debtor shall claim the exemptions in the supplemental schedule. The duty to file a supplemental schedule in accordance with this subdivision continues notwithstanding the closing of the case, except that the schedule need not be filed in a chapter 11, chapter 12, or chapter 13 case with respect to property acquired after entry of the order confirming a chapter 11 plan or discharging the debtor in a chapter 12 or chapter 13 case.

### (i) Disclosure of list of security holders.

After notice and hearing and for cause shown, the court may direct an entity other than the debtor or trustee to disclose any list of security holders of the debtor in its possession or under its control, indicating the name, address and security held by any of them. The entity possessing this list may be required either to produce the list or a true copy thereof, or permit inspection or copying, or otherwise disclose the information contained on the list.

### (j) Impounding of lists.

On motion of a party in interest and for cause shown the court may direct the impounding of the lists filed under this rule, and may refuse to permit inspection by any entity. The court may permit inspection or use of the lists, however, by any party in interest on terms prescribed by the court.

### (k) Preparation of list, schedules, or statements on default of debtor.

If a list, schedule, or statement, other than a statement of intention, is not prepared and filed as required by this rule, the court may order the trustee, a petitioning creditor, committee, or other party to prepare and file any of these papers within a time fixed by the court. The court may approve reimbursement of the cost incurred in complying with such an order as an administrative expense.

### (l) Transmission to United States trustee.

The clerk shall forthwith transmit to the United States trustee a copy of every list, schedule, and statement

filed pursuant to subdivision (a)(1), (a)(2), (b), (d), or (h) of this rule.

### (m) Infants and Incompetent Persons.

If the debtor knows that a person on the list of creditors or schedules is an infant or incompetent person, the debtor also shall include the name, address, and legal relationship of any person upon whom process would be served in an adversary proceeding against the infant or incompetent person in accordance with Rule 7004(b)(2).

*Notes*

### Rule **1008**. Verification of Petitions and Accompanying Papers

All petitions, lists, schedules, statements and amendments thereto shall be verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746

*Notes*

### Rule **1009**. Amendments of Voluntary Petitions, Lists, Schedules and Statements

### (a) General right to amend.

A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby. On motion of a party in interest, after notice and a hearing, the court may order any voluntary petition, list, schedule, or statement to be amended and the clerk shall give notice of the amendment to entities designated by the court.

### (b) Statement of intention.

The statement of intention may be amended by the debtor at any time before the expiration of the period provided in § 521(a) of the Code. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby.

### (c) Statement of Social Security number

If a debtor becomes aware that the statement of social security number submitted under Rule 1007(f) is incorrect, the debtor shall promptly submit an amended verified statement setting forth the correct social security number. The debtor shall give notice of the