Mr. Imre Sos
703 Pier Ave., Ste. B
Hermosa Beach, CA 90254-3943
Phone: 1-310-722-8828
Fax: 1-310-776-7418
Email: sos.imre@yahoo.com

**ORIGINAL**

FILED

AUG 11 2010

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: CTC        Deputy Clerk

Self-Represented Moving Party

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In re<br><br>IMRE SOS,<br><br>Debtor. | ) Case No. 09-BK-37047-ER<br>)<br>)<br>) **Chapter 7 Case**<br>)<br>) **NOTICE OF MOTION AND MOTION**<br>) **TO ALTER OR AMEND**<br>) **JUDGMENT/ORDER GRANTING**<br>) **RELIEF FROM AUTOMATIC STAY**<br>) **WITH SUPPORTING**<br>) **MEMORANDUM OF POINTS AND**<br>) **AUTHORITIES AND DECLARATION**<br>)<br>) **ORAL ARGUMENT NOT REQUIRED**<br>)<br>) **Date: September 8, 2010**<br>) **Time: 10:00 a.m.**<br>) **Courtroom: 1568**<br>) **Judge: Ernest M. Robles**<br>) **Location:**<br>) **United States Bankruptcy Court**<br>) **Central District of California**<br>) **Edward R. Roybal Federal Building and**<br>) **Courthouse**<br>) **255 E. Temple St.**<br>) **Los Angeles, CA 90012**<br>) |

## MOTION TO ALTER OR AMEND JUDGMENT/ORDER GRANTING RELIEF
## FROM THE AUTOMATIC STAY

1

1  |  To Wells Fargo Bank, Trustee for Harborview 2006-10:

2  |  PLEASE TAKE NOTICE that on September 8, 2010, at 10:00 a.m., or as soon

3  |  after that time Debtor can be heard, Mr. Imre Sos ("Debtor Sos") will move the court, at

4  |  Courtroom No. 1568, United States Courthouse located at 255 E. Temple St. in Los

5  |  Angeles, CA 90012 for an order to alter or amend the judgment/order in this action

6  |  entered on July 28, 2010, pursuant to Federal Rules of Civil Procedure, Rule

7  |  59(e)/Federal Rules of Bankruptcy Procedure, Rule 9023.

8  |  This motion will be made on the grounds that:

9  |  1. The court improperly granted the motion for relief brought by Wells Fargo

10 |  Bank, N.A., Trustee for Harborview 2006-10 when it had no equity in the subject real

11 |  property. The subject real property is encumbered with a total of $728,000.00 in alleged

12 |  liens. The purported senior lien is held by Full Spectrum Lending, Inc. for $348,000.00,

13 |  which is current, and the purported junior lien is held by ComUnity Lending, Inc. for

14 |  $380,000.00. The purported encumbrances total $728,000.00. The subject real property's

15 |  fair market value is $242,000.00. The total purported liens of $728,000.00 and the fair

16 |  market value of the subject real property were listed on the schedules belonging to the

17 |  debtor's petition and which the court had indicted that it had relied on to make its

18 |  decision on the subject motion for relief. As such, Wells Fargo Bank, N.A., Trustee for

19 |  Harborview 2006-10, who is the purported beneficiary under the deed of trust of

20 |  $380,000.00, had no equity in the subject real property and the court should not have

21 |  granted the motion for relief brought by Wells Fargo Bank, N.A.

22 |  2. The court also improperly granted the motion for relief brought by Wells Fargo

23 |  Bank, N.A., Trustee for Harborview 2006-10 when it failed to produce the original

24 |  promissory note required under California law to enforce its purported lien of

25 |  $380,000.00 under the deed of trust with ComUnity Lending, Inc.

26 |

27 |

28 |

**MOTION TO ALTER OR AMEND JUDGMENT/ORDER GRANTING RELIEF
FROM THE AUTOMATIC STAY**

2

1 | Dated: August 11, 2010

2

3               By: _____

4                      Mr. Imre Sos
                     Self-Represented Debtor

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION TO ALTER OR AMEND JUDGMENT/ORDER GRANTING RELIEF
FROM THE AUTOMATIC STAY**

3

1
2

## MEMORANDUM OF POINTS AND AUTHORITIES

3

## I.

4
5

## A RULE 59(e) MOTION IS AVAILABLE PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE RULE 9023.

6

7    A motion for a new trial or to alter or amend a judgment shall be filed, and a court

8  may on its own order a new trial, no later than 14 days after entry of judgment. Federal

9  Rules of Bankruptcy Procedure Rule 9023. The grant or denial of relief from the stay is

10  an immediately appealable final order. *In the Matter of Conejo Enterprises, Inc.* (9th Cir.

11  1996) 96 F.3d 346, 351; *In the Matter of Bonner Mall Partnership* (9th Cir. 1993) 2 F.3d

12  899, 903-904.

13

14

## II.

15
16

## THE COURT'S MANIFEST ERROR OF LAW OR FACT IN RENDERING JUDGMENT/ORDER JUSTIFIES THE GRANTING OF A RULE 59(e) MOTION.

17

18    The court's commission of some manifest error of law or fact justifies the granting

19  of a Rule 59(e) motion. *Turner v. Burlington Northern Santa Fe R.R. Co.* (9th Cir. 2003)

20  338 F.3d 1058, 1063; *Divane v. Krull Electric Co., Inc.* (7th Cir. 1999) 194 F.3d 845,

21  848; *United States v. Metropolitan St. Louis Sewer District* (8th Cir. 2006) 440 F.3d 930,

22  933.

23
24
25
26
27
28

## MOTION TO ALTER OR AMEND JUDGMENT/ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

## III.

## AN UNSECURED CREDITOR IS NOT ENTITLED TO RELIEF FROM THE
## AUTOMATIC STAY.

On October 5, 2009, Mr. Sos filed a voluntary bankruptcy petition, which included Schedule A-Real Property and Schedule F-Creditors Holding Unsecured Nonpriority Claims. Schedule A-Real Property indicates that the subject real property belonging to Mr. Sos located at 920 Rodeo Queen Dr., Fallbrook, CA 92028 has a fair market value of $242,000.00. Schedule A-Real Property is page 12 of Document 1 filed on October 5, 2010 on the Pacer on this case. Schedule F-Creditors Holding Unsecured Nonpriority Claims indicates that the subject real property belonging to Mr. Sos located at 920 Rodeo Queen Dr., Fallbrook, CA 92028 has a purported senior lien of $348,000.00 held by Full Spectrum Lending, Inc. and a purported junior lien for $380,000.00 held by ComUnity Lending, Inc. Schedule F-Creditors Holding Unsecured Nonpriority Claims is pages 21-26 of Document 1 filed on October 5, 2010 on the Pacer on this case.

On June 6, 2010, Wells Fargo Bank, N.A., Trustee for Harborview 2006-10 ("Wells Fargo Bank, N.A."), filed a motion for relief from the automatic stay based on its purported beneficial interest under a purported junior lien for $380,000.00 held by ComUnity Lending, Inc. The subject motion for relief is pages 1-14 of Document 38 and pages 1-23 of Document 38-1 filed on June 11, 2010 on the Pacer on this case. Wells Fargo Bank, N.A. brought its motion for relief on the basis that its purported interest in the subject real property was not protected by an adequate equity cushion. Wells Fargo Bank, N.A. based its calculation of equity in the subject real property using the schedules in the voluntary bankruptcy petition filed by Debtor Sos on October 5, 2009. Schedule A-Real Property is page 12 of Document 1 filed on October 5, 2010 on the Pacer on this case. Schedule F-Creditors Holding Unsecured Nonpriority Claims is pages 21-26 of Document 1 filed on October 5, 2010 on the Pacer on this case.

**MOTION TO ALTER OR AMEND JUDGMENT/ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**
5

On July 8, 2010, this court issued a tentative ruling on the subject motion for relief indicating that it used the schedules in the voluntary bankruptcy petition filed by Debtor Sos to determine the fair market value of the subject real property to be $242,000.00 and that the subject real property was encumbered by liens totaling $403,000.00. Mr. Sos's Declaration ¶ 2, Ex. A. Nowhere do any of the schedules indicate the total liens to be $403,000.00. The schedules indicate the totals liens to be $728,000.00. Schedule A-Real Property is page 12 of Document 1 filed on October 5, 2010 on the Pacer on this case. Schedule F-Creditors Holding Unsecured Nonpriority Claims is pages 21-26 of Document 1 filed on October 5, 2010 on the Pacer on this case.

The "lack of adequate protection" referred to in Section 362(d)(1) is tied to an interest in property of the party requesting relief from the stay. Title 11 U.S.C. Section 362(d)(1). Because unsecured creditors do not have an interest in any specific property, unsecured creditors are not entitled to "adequate protection" and, therefore, cannot state a case for relief from the stay on the ground of "lack of adequate protection." *In the Matter of Dahlquist* (1983) 34 B.R. 476, 480; *In the Matter of Garland Corp.* (1st Cir. BAP 1980) 6 B.R. 456, 463 (no adequate protection of unsecured creditors in Section 364(c)(2) postposition borrowing context, which is also equally applicable in relief from stay context).

Wells Fargo Bank, N.A. should not have been granted relief from the stay because it was not a secured creditor at any time since this bankruptcy was commenced. The subject real property was purportedly encumbered with lines totaling $728,000.00. The subject real property's fair market value was $242,000.00. The primary lien is purportedly for $348,000.00 and the secondary lien is purportedly for $380,000.00. The court should not have granted relief from the stay to Wells Fargo Bank, N.A. based on its secondary lien for $380,000.00 because Wells Fargo Bank, N.A. had no equity in the subject real property and was not entitled to adequate protection.

**MOTION TO ALTER OR AMEND JUDGMENT/ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

## IV.

### WELLS FARGO BANK, N.A. HAD NO STANDING TO SEEK RELIEF FROM THE AUTOMATIC STAY BECAUSE IT DID NOT PRODUCE THE ORIGINAL PROMISSORY NOTE REQUIRED UNDER CALIFORNIA LAW TO ENFORCE ITS PURPORTED LIEN OF $380,000.00.

Bankruptcy law does not provide for the enforcement of promissory notes generally. In the absence of bankruptcy law, the legal obligations of the parties are determined by the applicable non-bankruptcy law, which is usually state law. *Butner v. United States* (1979) 440 U.S. 48, 54-55. The declaration of Ms. Kathy Santin on pages 11-12 on the motion for relief, which is pages 12-13 on Document No. 38 on the Pacer on this case, in support of the instant motion for relief provided by Wells Fargo Bank, N.A. does not indicate that Wells Fargo Bank, N.A. has physical possession of the original promissory note that was the subject of the instant motion for relief and the original promissory note was not produced. Under California law, right to enforce negotiable instrument is transferable only by delivery of instrument itself. *In the Matter of Hwang* (2008) 396 B.R. 757, 763. This can be found on lines 23-25 on page 2 of Document 46 filed on June 28, 2010 on the Pacer on this case. Under California law, bank to which mortgage note was payable, and which was in physical possession thereof, qualified as "holder" of note, even though it had assigned its rights under the note to another entity, and though this other entity, in turn, had apparently sold note as part of securitization transaction. *In the Matter of Hwang* (2008) 396 B.R. 757, 763-764. This can be found on lines 25-28 on page 2 and continuing on line 1 of page 3 of Document 46 filed on June 28, 2010 on the Pacer on this case. A person must have physical possession of a note to entitle it to enforce a note, which also includes bringing a motion for relief from stay. *In the Matter of Hwang* (2008) 396 B.R. 757, 764. This can be found on lines 1-3 on page 3 of Document 46 filed on June 28, 2010 on the Pacer on this case. A court determining a relief from stay motion should consider defenses that "strike at the heart of the validity of

**MOTION TO ALTER OR AMEND JUDGMENT/ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY**

1  movant's secured claim by barring any recovery on the debt or any lien enforcement. *In*

2  *the Matter of Souders* (1987) 75 B.R. 427, 432. This can be found on lines 3-6 on page 3

3  of Document 46 filed on June 28, 2010 on the Pacer on this case. The indorsement and

4  delivery of the note carried with it the mortgage, and the right to foreclose it. *Adler v.*

5  *Sargent* (1895) 109 Cal. 42, 44. This can be found on lines 6-8 on page 3 of Document 46

6  filed on June 28, 2010 on the Pacer on this case. A person not in physical possession of

7  an original promissory note is not a holder entitled to enforce the note and therefore the

8  assignment of the deed of trust where the original promissory note has not been delivered

9  to the assignee confers no right on the assignee of the deed of trust. *Hyde v. Mangan*

10 (1891) 88 Cal. 319; *Johnson v. Razy* (1919) 181 Cal. 342; *Bowman v. Sears* (1923) 63

11 Cal.App. 235; *Treat v. Burns* (1932) 216 Cal. 216. This can be found on lines 8-15 on

12 page 3 of Document 46 filed on June 28, 2010 on the Pacer on this case. Federal Rules of

13 Evidence Rule 901 is not a substitute for the legal requirement under California law to

14 produce the original promissory note, which can be found at lines 19-25 on page 2 of the

15 subject transcript of July 12, 2010. Mr. Sos's Declaration ¶ 3, Ex. B.

16     Wells Fargo Bank, N.A. should further have not been granted relief from the stay

17 because it failed to produce original promissory note for the purported junior lien of

18 $380,000.00 held by ComUnity Lending, Inc.

19

20                                      V.

21     **THE COURT SHOULD NOT HAVE PAINTED MR. SOS AS A CON JUST**

22     **BECAUSE MR. SOS DEMANDED THAT WELLS FARGO BANK, N.A.**

23     **PRODUCE THE ORIGINAL PROMISSORY NOTE REQUIRED UNDER**

24                                 **CALIFORNIA.**

25

26     Mr. Sos is the owner of the subject real property of 920 Rodeo Queen Dr. On

27 August 9, 2010, Augusta Financial sent a pre-qualification letter to Mr. Sos in order

28 refinance the subject property. Mr. Sos's Declaration ¶ 4, Ex. C. Mr. Sos is no con, just a

**MOTION TO ALTER OR AMEND JUDGMENT/ORDER GRANTING RELIEF**
**FROM THE AUTOMATIC STAY**

1   prudent investor. California law requires the original promissory note to ensure that the

2   proper individual receives the money under the note and to prevent fraud. At the hearing

3   on the subject motion for relief on July 12, 2010, Mr. Sos had given a hypothetical

4   example, at line 25 on page 1 continuing on lines 2-10 on page 2 of the subject transcript,

5   to the court equating the processing of a check for payment at Bank of America with that

6   of payment under a promissory note. Mr. Sos's Declaration ¶ 3, Ex. B. The court had

7   indicated at lines 9-10 on page 2 of the subject transcript on the record that it had no idea

8   whether Bank of America needed an indorsed original check or an indorsed copy of the

9   original check to process payment. Mr. Sos's Declaration ¶ 3, Ex. B. Mr. Sos informed

10  the court that Bank of America would need the indorsed original check to process

11  payment and not an indorsed copy of the original check at line 8 of page 2 of the subject

12  transcript. Mr. Sos's Declaration ¶ 3, Ex. B. On August 10, 2010, Bank of America

13  issued a statement that it would only negotiate an original check and that photocopies are

14  non-negotiable. Mr. Sos's Declaration ¶ 5, Ex. D.

15

16                              **CONCLUSION**

17

18       Based on the foregoing, Mr. Sos requests that the court grant the instant motion

19  and alter or amend the judgment/order as follows: deny the subject motion for relief with

20  prejudice.

21

22  Dated: August 11, 2010

23

24                  By:   _Mr. Sos_

25                        Mr. Imre Sos
                          Self-Represented Moving Party

26

27

28

**MOTION TO ALTER OR AMEND JUDGMENT/ORDER GRANTING RELIEF
FROM THE AUTOMATIC STAY**

## DECLARATION OF MR. IMRE SOS

I, Mr. Imre Sos, declare as follows:

1. I have personal knowledge of all the facts contained in this declaration, and would and could competently testify to each fact if called as a witness.

2. On July 8, 2010, this court issued a tentative ruling on the subject motion for relief indicating that it used the schedules in the voluntary bankruptcy petition filed by me to determine the fair market value of the subject real property to be $242,000.00 and that the subject real property was encumbered by liens totaling $403,000.00. A true and correct copy of the court's tentative ruling of July 8, 2010 is attached hereto and incorporated herein as Exhibit A.

3. On August 6, 2010, I received by mail the original certified transcript of the hearing on the subject motion for relief on July 12, 2010. A true and correct copy of the original certified transcript of July 12, 2010 is attached hereto and incorporated herein as Exhibit B.

4. On August 9, 2010, Augusta Financial sent a pre-qualification letter to me in order to refinance the subject property. A true and correct copy of the pre-qualification letter of August 9, 2010 is attached hereto and incorporated herein as Exhibit C.

5. On August 10, 2010, Bank of America issued a statement that it would only negotiate an original check and that photocopies are non-negotiable. A true and correct copy of the statement from Bank of America is attached hereto and incorporated herein as Exhibit D.

**MOTION TO ALTER OR AMEND JUDGMENT/ORDER GRANTING RELIEF
FROM THE AUTOMATIC STAY**

1     I declare under penalty of perjury under the laws of the United States that the

2 foregoing is true and correct.

3

4 Dated: August 11, 2010

5

6                 By:    _____

7                      Mr. Imre Sos

8                      Self-Represented Moving Party

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION TO ALTER OR AMEND JUDGMENT/ORDER GRANTING RELIEF
FROM THE AUTOMATIC STAY**
11

# Exhibit A

## United States Bankruptcy Court
## Central District of California

### Los Angeles
### Judge Ernest Robles, Presiding

### Courtroom 1568 Calendar

| | |
|---|---|
| **Monday, July 12, 2010** | **Hearing Room   1568** |

<u>10:00 am</u>

| | | | |
|---|---|---|---|
| 2:09-37047 | Imre Sos | | **Chapter   7** |
| #6.00 | MOVANT:  WELLS FARGO BANK, NA | | |

Hearing
RE: [38] Notice of motion and motion for relief from the automatic stay
with supporting declarations REAL PROPERTY RE: 920 Rodeo Queen
Drive, Fallbrook, California 92028 with proof of service.   Exhibit (s) 1 - 5)
(Piranio, Josephine)

Docket #:   38

**Tentative Ruling:**

7/8/2010

      Secured Creditor Wells Fargo Bank, NA ("Wells Fargo") moves for relief from the automatic stay (the "Motion for RFS") with respect to property located at 920 Rodeo Queen Drive, Fallbrook, CA 92028 (the "Property"). Debtor Imre Sos (the "Debtor") opposes the Motion.

      On June 23, 2010, the Debtor filed an Ex-Parte Application to Continue Hearing on Motion for Relief in Order to Conduct Discovery (the "Ex-Parte Motion"). The Ex-Parte Motion sought a continuance of the Motion for RFS so that the Debtor could conduct discovery. On June 25, the Court issued a Memorandum of Decision and Order denying the requested extension (reprinted below).

      On June 28, the Debtor filed a series of Evidentiary Objections to the Declaration of Ms. Kathy Santin (the "Evidentiary Objections"). The gravamen of the Debtor's objections is that Ms. Santin does not allege that Wells Fargo is in possession of the original promissory note. Citing *In re Hwang*, 396 B.R. 757 (Bankr. C.D. Cal. 2008), the Debtor contends that Wells Fargo must have possession of the note in order to have standing to seek relief from the automatic stay.

      The Court declines to follow *In re Hwang*. The Court finds the reasoning expressed in *In re Gramajo*, 2009 WL 2824786 (Bankr. N.D. Cal. April 24, 2009) to be more persuasive. The *Gramajo* Court held that if the Debtor lacked equity in the Property, it was unnecessary to hold an evidentiary hearing to determine whether the moving party had possession of the original note.

      In addition, as the Court explained in its Memorandum of Decision denying the Ex-Parte Motion, the "Debtor's contention that Wells Fargo must present the original promissory note and the original deed of trust to the Court in order to obtain relief from stay lacks merit. Federal Rule of Evidence 901(a) provides that the "requirement of authentication or idenfication as a condition

# United States Bankruptcy Court
## Central District of California

### Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

**Monday, July 12, 2010**                                                **Hearing Room    1568**

___

#### 10:00 am

**Cont....**        **Imre Sos**                                                        **Chapter 7**

precedent to admissiblity is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." The Court has reviewed Wells Fargo's Motion for RFS and finds that Wells Fargo has adequately authenticated the copies of the Promissory Note and Deed of Trust submitted in support of the Motion. Wells Fargo submits the declaration testimony of Kathy Santin ("Santin"), who states in relevant part: "¶ 1. I am employed as a Bankruptcy Specialist by GMAC Mortgage, LLC. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Wells Fargo Bank, N.A. as Trustee for HARBORVIEW 2006-10's ("Movant") interest in the real property that is the subject of this Motion. ¶ 2. I am employed by GMAC Mortgage, LLC, the authorized loan servicing agent for Movant and I am duly authorized to make this declaration on behalf of Movant. ¶ 3. I am familiar with the manner and procedures by which GMAC Mortgage, LLCs business records are obtained, prepared, and maintained. Those records are obtained, prepared, and maintained by GMAC Mortgage, LLC's employees or agents in the performance of their regular business duties at or near the time, the conditions, and/or events recorded thereon. The records are made either by persons with knowledge of the matters they record or from information obtained by persons with such knowledge. I have knowledge and/or access to GMAC Mortgage, LLC's business records regarding the Note and Deed of Trust that are the subject of this action and have personally reviewed these business records prior to executing this declaration.'

"Based on Santin's testimony, the Court finds that Wells Fargo has submitted sufficient evidence of the authenticity of the Promissory Note and Deed of Trust. It is unnecessary for Wells Fargo to present the original Promissory Note and Deed of Trust to the Court. Therefore, the Debtor's proposal to forensically examine the original Promissory Note and Deed of Trust would serve no purpose." Memorandum of Decision Re: Ex-Parte Application to Continue Hearing on Motion for Relief in Order to Conduct Discovery (Dkt. #39).

The Debtor's evidentiary objections pertaining to Wells Fargo's alleged lack of possession of the note are therefore OVERRULED. The Debtor's objections that the exhibits attached to the Motion for RFS lack foundation and have not been properly authenticated are also OVERRULED.

However, as the Debtor points out, it appears that the Santin Declaration is missing several paragraphs. The first full page of the declaration contains ten paragraphs but the second page jumps to paragraph 18. The omitted paragraphs pertain to the loan servicing agreement between the Movant and GMAC Mortgage, LLC. Although it is clear from the declaration that the Movant and GMAC LLC have entered into a loan servicing agreement under which the Movant is authorized to

___

# United States Bankruptcy Court
## Central District of California

### Los Angeles
### Judge Ernest Robles, Presiding
### Courtroom 1568 Calendar

**Monday, July 12, 2010**                                        **Hearing Room    1568**

---

<u>10:00 am</u>

Cont....        **Imre Sos**                                                              Chapter  7

seek relief from stay on GMAC's behalf, the omitted paragraphs should be supplied so that the record is complete. Movant shall file and serve the missing portion of the declaration by no later than July 30, 2010. The Court will review omitted paragraphs of the declaration and determine if further hearing is required.

The Debtor does not submit any evidence pertaining to the amount of equity in the Property. Based on the Debtor's schedules, the Court finds that the Property has a fair market value of $242,000. The property is encumbered by liens in the amount of $403,000. The Court finds there is no equity and there is no evidence that the trustee can administer the subject real property for the benefit of creditors.

Movant also seeks extraordinary relief pursuant to § 362(d)(4). Section 362(d)(4) permits the Court to issue an order binding in future cases purporting to affect the subject property filed not later than two years after the date of entry of the order, provided that the Court "finds that the filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved either (a) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or (b) multiple bankruptcy filings affecting such real property."

The Court finds that the filing of the petition was part of a scheme to delay, hinder, and defraud creditors involving the transfer of the Property without the consent of Movant or Court approval. The Debtor required title to the Property from the original purchasers for no consideration and subsequently filed for bankruptcy.

Provided that the Movant is authorized to act on GMAC's behalf, the Court finds that relief from the automatic stay, as well as extraordinary relief, is appropriate. As indicated above, the Court will review the omitted pages of the Santin declaration to to verify that Movant is authorized to act on GMAC's behalf. The Court will then determine if a further hearing is required.

Party Information

<u>Debtor(s):</u>

    Imre  Sos

<u>Movant(s):</u>

    Wells Fargo Bank, N.A. as Trustee for                    Represented By
                                                              Josephine E Piranio

<u>Trustee(s):</u>

    Heide  Kurtz

---

**United States Bankruptcy Court**
**Central District of California**

**Los Angeles**
**Judge Ernest Robles, Presiding**
**Courtroom 1568 Calendar**

**Monday, July 12, 2010**                                               **Hearing Room    1568**

10:00 am

**Cont....**        **Imre Sos**                                                    **Chapter    7**

# Exhibit B



1            UNITED STATES BANKRUPTCY COURT

2            CENTRAL DISTRICT OF CALIFORNIA

3                    --oOo--

4  In Re:                      )  Case No. LA09-37047-ER
                               )
5  IMRE SOS,                   )  Los Angeles, California
                               )  Monday, July 12, 2010
6            Debtor.           )  10:00 a.m.
   _____)

7
                               MOVANT:   WELLS FARGO BANK, NA
8
                               HEARING RE: [38] NOTICE OF
9                              MOTION AND MOTION FOR RELIEF
                               FROM THE AUTOMATIC STAY WITH
10                             SUPPORTING DECLARATIONS REAL
                               PROPERTY RE: 920 RODEO QUEEN
11                             DRIVE, FALLBROOK, CALIFORNIA
                               92028 WITH PROOF OF SERVICE
12
                  TRANSCRIPT OF PROCEEDINGS
13          BEFORE THE HONORABLE ERNEST ROBLES
              UNITED STATES BANKRUPTCY JUDGE
14
   APPEARANCES:
15
   For the Debtor:            IMRE SOS, PRO PER
16
   For Wells Fargo Bank:      JOSEPHINE E. PIRANIO-SALMON,
17                              ESQ.
                               Pite Duncan, LLP
18                             4375 Jutland Drive
                               San Diego, California 92117
19                             (619) 590-1300

20  Court Recorder:           Laura Quintanar
                               United States Bankruptcy Court
21                             Edward R. Roybal Federal
                                 Building
22                             255 East Temple Street
                               Los Angeles, California  90012
23

24
   Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.

*Echo Reporting, Inc.*

ii

1  Transcriber:                           L. L. Francisco
                                          Echo Reporting, Inc.
2                                         6336 Greenwich Drive, Suite B
                                          San Diego, California  92122
3                                         (858) 453-7590

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

1   <u>LOS ANGELES, CALIFORNIA  MONDAY, JULY 12, 2010 10:00 A.M.</u>

2                              --oOo--

3       (Call to order of the Court.)

4           THE COURT:  Item 6, Imre Sos.

5           MS. PIRANIO-SALMON:  (Telephonic):  Good morning,

6   your Honor.  Josephine Piranio-Salmon on behalf of the

7   Moving Party.

8           THE COURT:  And in the courtroom.

9           MR. SOS:  Good morning, your Honor, Imre Sos,

10  self-represented Debtor.

11          THE COURT:  All right, very well.

12          The Court has issued a tentative ruling on this

13  granting relief from stay, if you wish to be heard on that.

14          MR. SOS:  Yes.  I read the tentative ruling, and I

15  would like to address your tentative ruling, your Honor.

16          THE COURT:  Very well.

17          MR. SOS:  Is it the Court's position that if a

18  Debtor has equity in real property, the Moving Party would

19  have to produce the original promissory note in order to

20  have standing to file a motion for relief.  Is my

21  understanding of your tentative ruling correct?

22          THE COURT:  I don't know that I've expressed

23  anything that would address, or that I could say that would

24  be responsive to your question, sir.

25          MR. SOS:  Well, I would actually like to give an

2

1 example to the Court how the promissory note and a check

2 works the same way.  For example -- I'll give you an

3 example.  If you would, your Honor, would give me a $10,000

4 check, I make a copy of the check, I endorse the check and

5 not do an original but a copy.  I present to the bank --

6 let's say your bank is Bank of America -- I present it for

7 payment, would they actually pay out that amount on a copy

8 of a check?  They would not.

9         THE COURT:  All right.  You're telling me that, I

10 have no idea.

11        MR. SOS:  They would not.  The fact is if that was

12 true, I could actually make ten copies of the original check

13 and the same day endorse each one of them go to ten

14 different branches of the Bank of America and try to present

15 for payment.  Now, if that was possible I could actually

16 make ten times a month of the money of that original check.

17 That is not possible.

18        THE COURT:  Well tell me how that applies here.

19        MR. SOS:  How does it apply, your Honor.  Under

20 California law the person making a demand for payment shows

21 it's right to endorse it by showing the original promissory

22 note.  California Commercial Code Section 3501(b)(2), in the

23 matter of Wong, in the matter of Vargas.  The fact is here

24 that Federal Rules of Evidence 901 is not substitute for a

25 legal requirement under California law.

3

1            THE COURT:  All right, I appreciate that.  I'm

2  going to maintain the tentative.  The tentative will become

3  the order.  And the reason for that is this, there's no

4  equity in the property.  There's zero -- it's under water.

5  Now, sir --

6            MR. SOS:  Okay, I'm going to go into the second

7  part of this.

8            THE COURT:  No, we're not going to go into a

9  second part because we are done.

10            MR. SOS:  No, your Honor, there is an error in

11  your order.  You stated in your tentative ruling based on

12  the Debtor's schedules the Court finds the property fair

13  amount of 245,000.  The property is encumbered by liens in

14  the amount of 403,000.  That is incorrect.

15            THE COURT:  All right, I appreciate that.  Thank

16  you very much, sir.

17            MR. SOS:  No, your Honor, the amount is 728,000.

18            THE COURT:  Sir, we are done.  You can leave the

19  courtroom.  Thank you very much.

20            MS. PIRANIO-SALMON:  (Telephonic):  Your Honor,

21  can I be heard on that matter?

22            THE COURT:  All right, go ahead.

23            MS. PIRANIO-SALMON:  Thank you.

24            I did read the Court's tentative.  And I apologize

25  for the confusion with regard to the attachment, on the

4

1   attachment that references paragraph 17.

2           THE COURT:  Right, I've indicated that in the

3   tentative.

4           MS. PIRANIO-SALMON:  Yes, your Honor.  Paragraph

5   nine and ten actually do address the servicing of the loan.

6   And we should not have used perhaps the numbering of the

7   attachment paragraph.  It was somewhat confusing.  It makes

8   it appear that paragraph ten then continues to paragraph 18.

9   But paragraph 18 is actually the form that continues from

10  the paragraph 17 of the Court's form.  And so instead of

11  numbering the attachment, number 17, which is on page 12, we

12  should have perhaps have lettered the paragraph so as to not

13  cause the confusion.  There is no other -- after paragraph

14  -- the end of paragraph ten, there is no further paragraph

15  to the attachment.

16          THE COURT:  So you won't be sending any additional

17  documents then.

18          MS. PIRANIO-SALMON:  There shouldn't be any

19  additional documents, your Honor, as we've addressed the

20  servicing of the loan, which is already in the declaration.

21  There aren't additional paragraphs missing from paragraphs

22  11 to 18 because the 18 doesn't follow the paragraph 11 it

23  follows the paragraph 17 which is actually the page before

24  the attachment.

25          THE COURT:  All right, very well.  Thank you for

5

1 the clarification.

2          MS. PIRANIO-SALMON:    And may we submit an order,

3 your Honor.

4          THE COURT:    Yes, that's fine.

5          MS. PIRANIO-SALMON:    Thank you.

6          THE COURT:    How have I not made myself clear, sir,

7 we're done.    Thank you.

8      (Proceedings concluded.)

9

10

11

12

13

14          I certify that the foregoing is a correct

15 transcript from the electronic sound recording of the

16 proceedings in the above-entitled matter.

17

18 _____    8/5/10
   Transcriber                     Date

19

   FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:

20

21 _____
   L. L. Francisco, President

22 Echo Reporting, Inc.

23

24

25

# Exhibit C

**A California Direct Lender & Broker Since 1995**

August 9, 2010

Mr. Imre Sos
703 Pier Ave., Ste. B
Hermosa Beach, CA 90254

Re: 920 Rodeo Queen Dr.  Fallbrook, CA 92028

Mr. Sos,

After initial review of your application, credit, and current lease for the above-referenced property, you are hereby notified that you are **pre-qualified** for private financing to obtain the property.

Subject to the current mortgagee's acceptance of a negotiated settlement (or short sale approval), I am able to secure private (equity) financing for the above-referenced property at a loan-to-value not to exceed 60% of the value determined by our review of the offered appraisal or a new version from an approved appraiser of our choice, at our discretion.

Any differential between the negotiated price and the value relative to the loan amount, plus closing costs, will be required from you to close escrow.

**Likely Loan Terms:** 36 – 60 month balloon note @ +/- 11.99%, with payments of interest-only.

Please note that our evaluation and subsequent preapproval status does not constitute a loan approval, but is instead a preliminary assessment of your general creditworthiness. A formal loan approval may only be granted after your complete loan application and all supporting documentation has been submitted to our lender for underwriting consideration.

Also, please note that any new accounts you open, credit charges incurred, or credit inquiries entered on your credit report subsequent to the date of this letter may negatively impact our investor's decision to loan should you negotiate an acceptable offer with the mortgagee.

Should you or any seller whose property you intend to purchase have any questions regarding our credit evaluation, please fee free to contact me at 661-255-9824 or 800-644-8829.

We are honored that you have chosen us to provide your mortgage financing needs and we look forward to working with you!

Sincerely,

John J. Harambasic
Augusta Financial, Inc.
DRE 01212262 / 01329768
(661) 255-9824 Direct
(661) 670-5214 fax
john@cal-lending.com

# Exhibit D

Bank Of America will only negotiate original check. **Bank of America**
Photocopies are non-negotiable

Bank of America
Eastview Banking Center
CA7-143-01-01
800 North Western Avenue
San Pedro, CA 90732

Tel    310.548.2344
Fax    310.548.2310

**Bank of America**

BRAD DOLICK
SALES & SERVICE SPECIALIST

Tel: 310.548.2331 · Fax: 310.507.6265 · Cust. Svc: 310.884.1870

Bank of America, CA7-143-01-01
800 N. WESTERN AVE, SAN PEDRO CA 90732



U S A
2000-2004
US Olympic Teams

Recycled Paper

## PROOF OF SERVICE

I, Ms. Hilda E. Galarreta, declare:

      I am, and was at the time of the service hereinafter mentioned, over the age of 18 years and not a party to the above-entitled cause. My address is 703 Pier Ave., Ste. B, Hermosa Beach, CA 90254-3943 in Los Angeles County, California. I served the following:

**NOTICE OF MOTION AND MOTION TO ALTER OR AMEND
JUDGMENT/ORDER GRANTING RELIEF FROM AUTOMATIC STAY WITH
SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES AND
DECLARATION**

by mailing true copies by express mail overnight in envelopes sealed and deposited with the post office for overnight delivery, with postage and express mail overnight fees prepaid fully therein on August 11, 2010 at Los Angeles, California to:

    1.    Mr. Brian A. Paino
           Ms. Josephine E. Piranio
           Pite Duncan, LLP
           P.O. Box 17933
           San Diego, CA 92177-0933

    2.    Ms. Heidi Kurtz
           2515 S. Western Ave., No. 11
           San Pedro, CA 90732

      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: August 11, 2010

*Ms. Hilda E. Galarreta*
Ms. Hilda E. Galarreta